## Ann Burgess *versus* Leonard Bosworth.

The mother of a bastard child is a competent witness on the trial of her complaint against the alleged father, if she has complied with the other provisions of the statute, (Rev. Stat. c. 131) and been constant in her accusation of the respondent from and after the time she first made it, before the magistrate on her examination, or in the time of her travail; and any other accusation of another person as the father, even if in the form of an examination under oath, made anterior to her accusation of the respondent, goes only to affect her credibility, not her competency.

Complaint under the bastardy act.

The examination of the plaintiff before a magistrate, wherein she alleged that the child was begotten by the respondent "on or about the 20th of October, 1842, just before bedtime in the evening, in the kitchen of said Bosworth," was taken April 7, 1843. After proving that she accused Bosworth in the time of her travail, she was offered as a witness. The respondent objected to her admission on the ground, that she had been inconstant in her accusation. And to show it, he introduced in evidence her examination, on March 7, 1843, before another magistrate, wherein she accused another person as being the father of her expected child. He also urged the fact, that the proof introduced in her behalf shew, that her accusation before the magistrate charged the act to have been at a different time and place from that stated by her in the time of her travail, to wit: "at the respondent's house about twelve o'clock at night." Goodenow, District Judge, overruled the objection, and she testified. The verdict was in her favor, and the respondent filed exceptions.

*Howard & Shepley*, for the respondent, contended, that the complainant should not have been admitted as a witness, she having been inconstant in her accusation, after having made her voluntary examination before a justice of the peace. *Maxwell* v. *Hardy*, 8 Pick. 562; *Bradford* v. *Paul*, 18 Maine R. 30.

The constancy required by the statute is not after she has accused a particular person, but after she has done a particular act, making the declaration before the magistrate in the first

instance. The cases before cited go on this ground. If she can accuse two persons on oath of being the father of her child, and still be a witness, she may two hundred.

*Andrews*, for the complainant, contended that any variation in her statements in relation to time or place, not relating to the person accused, was no evidence of inconstancy.

As to her accusation, a month before, of another person, it would be wholly subversive of justice, if being compelled by threats from the father of her child, in whose house she lived, to accuse another person, that this should furnish him with the means of escape. She has been constant in the person since her accusation of the respondent, and that is all the statute requires. The objection goes only to her credit, not to her competency. 1 Phil. Ev. 17, 423; 2 Stark. Ev. 716; 8 Greenl. 42; 8 Pick. 560.

The opinion of the Court was drawn up by

Whitman C. J. — The complainant, before accusing the defendant, had, under oath, before a magistrate, accused another man of being the father of the child of which she was pregnant. The statute requires, in order to her being admitted as a competent witness on the trial of the one accused, that she should have accused him, under oath before a magistrate, and also in the time of her travail, of being the father of the child, the filiation of which is sought to be established, and that she should have remained constant in her accusation. In *Maxwell* v. *Hardy*, 8 Pick. 560, it was decided, that the constancy, required by the statute, was to take place from and after either of those accusations; and that any statements, which she might have made before, as having charged the parentage of the child upon another person, &c. would not avail against her competency. If this be a correct exposition of the statute, and the statutes of Maine and Massachusetts, on this point, are precisely similar; it becomes a question whether the having previously charged the parentage upon another person, under oath, and in the same form in which she had accused the defendant, should be sufficient to exclude her from testifying.

If the statute only contemplates that she should have remained constant after she had accused the defendant, then, in whatever form, and under whatever solemnities, she may have previously accused another, should make no difference. The language of Mr. C. J. Parker, in delivering the opinion, in the case cited, would apply with equal force, seemingly, to this case as to the one the Court were about deciding. He says that such previous statements may have been " the result of terror or shame for her condition, or to have been produced by the threats or blandishments of her seducer." Such terror, or threats, or blandishments might induce an accusation, under oath, and before a magistrate, in legal form, as well as without such a solemn proceeding. The only difference would be that the degree of influence in the one case must necessarily be greater, to produce the result, than in the other: and her credit would be more seriously affected in the one case than in the other; of which it would be the province of a jury to judge, in view of all the circumstances of the case.

On the whole we are of opinion, that, whatever may have been the form or manner of the accusation of any one else, by the complainant, anterior to the accusation of the defendant, it should be allowed only to affect her credibility, and not her competency.

*Exceptions overruled.*